FILED
U.S. DISTRICT COURT
SAVANNAH DIV.

2010 NOV 19  AM 11: 36

CLERK _____
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

LENWARD SMITH                    )
                                 )
            Plaintiff,           )
                                 )        CIVIL ACTION
v.                               )        FILE NO._____
                                 )          CV410-274
PROFIT SERVICES GROUP, LLC AND   )
KARLA FIGUEROA                   )
                                 )
            Defendants.          )
_____)

## NATURE OF ACTION

1.    This is an action brought under the Fair Debt Collection Practices Act

("FDCPA"), 15 U.S.C. § 1692 *et seq*., and the Telephone Consumer Protection Act

("TCPA"), 47 U.S.C. § 227.

## JURISDICTION AND VENUE

2.    This Court has jurisdiction under 15 U.S.C. § 1692k(d), 47 U.S.C. §

227(b)(3), 28 U.S.C. § 1331, and 28 U.S.C. § 1367(a).

3.    Venue is proper before this Court pursuant to 28 U.S.C. §1391(b),

where the acts and transactions giving rise to Plaintiff's action occurred in this

State and this district, where Plaintiff resides in this State and this district, and

where Defendants transact business in this State and this district.

**PARTIES**

4.      Plaintiff, Lenward Smith ("Plaintiff"), is a natural person who at all relevant times resided in the State of Georgia, County of Chatham, and City of Savannah.

5.      Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

6.      Defendant, Profit Services Group, LLC ("PSG") is an entity who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. §1692a(5).

7.      Defendant, Karla Figueroa ("Figueroa") is an individual who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. §1692a(5).

8.      "Employees can be held personally liable under the FDCPA." *Robinson v. Managed Accounts Receivable Corp.*, 654 F. Supp. 2d 1051, 1059 (C.D. Cal. 2009); see *Schwarm v. Craighead*, 552 F. Supp. 2d 1056, 1070-71 (E.D. Cal. 2008).

9.      Furthermore, "most district courts that have addressed the issue have held that the corporate structure does not insulate shareholders, officers, or directors from personal liability under the FDCPA." *Schwarm v. Craighead*, 552 F. Supp. 2d 1056, 1070-71 (E.D. Cal. 2008); *see Kistner v. Law Offices of Michael*

*P. Margelefsky, L.L.C.*, 518 F.3d 433, 437-38 (6th Cir. 2008); *del Campo v. Kennedy*, 491 F. Supp. 2d 891, 903 (N.D.Cal.2006); *Brumbelow v. Law Offices of Bennett & Deloney, P.C.*, 372 F.Supp.2d 615, 618-21 (D. Utah 2005); *Albanese v. Portnoff Law Assocs., Ltd.*, 301 F. Supp. 2d 389, 400 (E.D. Pa. 2004); *Musso v. Seiders*, 194 F.R.D. 43, 46-47 (D.Conn.1999); *Brink v. First Credit Res.*, 57 F. Supp. 2d 848, 861-62 (D. Ariz. 1999); *Pikes v. Riddle*, 38 F. Supp. 2d 639, 640 (N.D. Ill. 1998); *Ditty v. CheckRite, Ltd.*, 973 F. Supp. 1320, 1337-38 (D. Utah 1997); *Newman v. Checkrite Cal., Inc.*, 912 F. Supp. 1354, 1372 (E.D. Cal.1995); *Teng v. Metro. Retail Recovery Inc.*, 851 F. Supp. 61, 67 (E.D. N.Y. 1994).

10.     Profit Services Group, LLC and Karla Figueroa ("Defendants") are "debt collectors" as defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

11.     Plaintiff is a natural person obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due a creditor other than Defendants.

12.     Plaintiff's obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendants, arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes.

13.     Defendants use instrumentalities of interstate commerce or the mails

in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another.

14.    Within one (1) year preceding the date of this Complaint, Defendants made and/or placed a telephone call to Plaintiff's cellular telephone number, in effort to collect from Plaintiff an obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendants.

15.    Within one (1) year preceding the date of this Complaint, Defendants willfully and knowingly utilized an automatic telephone dialing system to make and/or place a telephone call to Plaintiff's cellular telephone number, in effort to collect from Plaintiff an obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendants.

16.    Defendants, via their agent and/or employee Sophia Medley, left a voice message for Plaintiff on Plaintiff's cellular telephone on September 13, 2010 @ 3:24 P.M. in which Defendants failed to disclose its true corporate and/or business name and further failed to notify Plaintiff that the communication was from a debt collector. (15 U.S.C. §§ 1692d(6), 1692e(11)).

17.    Defendants placed multiple non-emergency calls to Plaintiff's cellular telephone, without the prior express consent of Plaintiff, using an automatic

telephone dialing system. (47 U.S.C. 227(b)(1)(A)(iii)).

18.   Defendants' actions constitute conduct highly offensive to a reasonable person.

**COUNT I**
**DEFENDANT PSG**

19.   Plaintiff repeats and re-alleges each and every allegation contained above.

20.   Defendant PSG violated the FDCPA as detailed above.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant PSG violated the FDCPA;

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

d) Awarding Plaintiff reasonable attorneys' fees ands costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT II
## DEFENDANT FIGUEROA

21.     Plaintiff repeats and re-alleges each and every allegation contained above.

22.     Defendant Figueroa violated the FDCPA as detailed above.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

g)  Adjudging that Defendant Figueroa violated the FDCPA;

h)  Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

i)  Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

j)  Awarding Plaintiff reasonable attorneys' fees ands costs incurred in this action;

k)  Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

l)  Awarding such other and further relief as the Court may deem just and proper.

## COUNT III
## DEFENDANT PSG

23.     Plaintiff repeats and re-alleges each and every allegation contained above.

24.    Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii) by willfully and knowingly utilizing an automatic telephone dialing system to make and/or place a telephone call to Plaintiff's cellular telephone number.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated  47 U.S.C. § 227(b)(1)(A)(iii);

b) Awarding Plaintiff statutory damages, pursuant to 47 U.S.C. § 227(b)(3)(B), in the amount of $500.00 per violation;

c) Awarding Plaintiff statutory damages, pursuant to 47 U.S.C. § 227(b)(3)(C), in the amount of $1,500.00 per violation;

d) Awarding Plaintiff actual damages, pursuant to 47 U.S.C. § 227(b)(3)(B);

e) Awarding Plaintiff reasonable attorneys' fees ands costs incurred in this action;

f) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law.

## TRIAL BY JURY

25.    Plaintiff is entitled to and hereby demands a trial by jury.

This 16th day of November, 2010.

ATTORNEYS FOR PLAINTFF
LENWARD SMITH

Respectfully submitted,

Dennis R. Kurz
Georgia Bar No. 430489
WEISBERG & MEYERS, LLC
5025 N. Central Ave. #602
Phoenix, AZ 85012
(888) 595-9111 ext. 412
(866) 842-3303 (fax)
dkurz@attorneysforconsumers.com

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | | |
|---|---|---|
| LENWARD SMITH | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION |
| v. | ) | FILE NO._____ |
| | ) | |
| PROFIT SERVICES GROUP, LLC AND | ) | |
| KARLA FIGUEROA | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 5.1

The undersigned hereby certifies that the foregoing document has been prepared in accordance with the font type and margin requirements of Local Rule 5.1 of the Southern District of Georgia, using a font type of Time New Roman and a point size of 14.

Respectfully submitted,

Dennis R. Kurz
Georgia Bar No. 430489
WEISBERG & MEYERS, LLC
5025 N. Central Ave. #602
Phoenix, AZ 85012
(888) 595-9111 ext. 412
(866) 842-3303 (fax)
dkurz@attorneysforconsumers.com