IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

LENWARD SMITH, )
 )
    Plaintiff, )
 )
v. ) CASE NO. CV410-274
 )
PROFIT SERVICES GROUP, LLC and )
DAVID FREITAG, )
 )
    Defendants. )
 )

## O R D E R

Before the Court is Plaintiff's Motion for Default Judgment. (Doc. 11.) For the following reasons, Plaintiff's Motion is **DISMISSED**.

Plaintiff filed a complaint against Defendants Profit Services Group, LLC and Karla Figueroa on November 19, 2010. (Doc. 1.) On December 10, 2010, Plaintiff simultaneously filed a "Notice of Voluntary Dismissal Without Prejudice against Defendant Karla Figueroa Only"[1] (Doc. 5) and an amended complaint, which named Defendants Profit Services Group, LLC and

---

[1] This notice of voluntary dismissal (Doc. 5) is also before the Court. Pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i), a "plaintiff may dismiss an action without a court order by filing [] a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment." This requirement having been satisfied, the action against Defendant Karla Figueroa is **DISMISSED WITHOUT PREJUDICE**. The Clerk of Court is **DIRECTED** to terminate this Defendant.

David Freitag[2] (Doc. 6). Plaintiff purportedly served Defendant Profit Services Group, LLC[3] on December 14, 2010 and Defendant Freitag[4] on February 28, 2011. After Defendants failed to file an answer, Plaintiff filed the instant Motion on April 21, 2011, requesting the entry of a default judgment against Defendants. As of the date of this Order, Defendants have failed to make an appearance in this case.

"Prior to obtaining a default judgment under . . . Rule 55(b)(2), there must be an entry of default as provided by Rule 55(a)."  10A Charles Alan Wright et al., Federal Practice and Procedure § 2682 (3d ed. 1998); see also Meehan v. Snow, 652

---

[2] A review of this complaint indicates that Plaintiff apparently substituted Defendant Freitag for Defendant Figueroa in the original complaint and filed this modified document as an amended complaint.

[3] The Court notes that nothing in the record provides evidence that Defendant Profit Services Group, LLC was ever served with a copy of the complaint. Indeed, the Return of Service indicates that service was made only of the "GENERAL ORDER, RULE 26(F) REPORT, SUMMONS, NOTICE OF ALTERNATIVE DISPUTE RESOLUTION, CASE MANAGEMENT PROCEDURES." (Doc. 8 at 2 (emphasis in original).) Conspicuously absent from this list of documents served is a complaint, a rather important one in perfecting service. Accordingly, Plaintiff is invited to indicate that service was properly effected.

[4] Similarly, the record is also muddled as to Defendant Freitag. The Affidavit of Service indicates that this Defendant was served with "Summons; Complaint." (Doc. 10 at 2.) The original complaint, which is curiously not labeled as such, fails to name this Defendant. (Doc. 1.) Instead, only Plaintiff's "First Amended Complaint" names Defendant Freitag. Thus, certification of service of "Complaint" is, at best, ambiguous and causes the Court to have great concerns about the precision of service on this Defendant.

F.2d 274, 276 (2d Cir. 1981).[5] The purpose of first requiring an entry of default is to afford the defendant an opportunity to have the default set aside, pursuant to Federal Rule of Civil Procedure 55(c), prior to the entry of a default judgment.[6] Allowing a party to obtain a default judgment without first securing the entry of default would defeat that purpose.

As the entry of default is a necessary precursor to filing a motion for default judgment, Plaintiff's motion is not properly before the Court at this time.  In this Court,

---

[5] The Second Circuit explained the full procedure for seeking default and default judgment as follows:

> The procedural steps contemplated by the Federal Rules of Civil Procedure following a defendant's failure to plead or defend as required by the Rules begin with the entry of a default by the clerk upon a plaintiff's request. Then, pursuant to Rule 55(c), the defendant has an opportunity to seek to have the default set aside. If that motion is not made or is unsuccessful, and if no hearing is needed to ascertain damages, judgment by default may be entered by the court or, if the defendant has not appeared, by the clerk. Finally, Rule 55(c) authorizes a motion to set aside a default judgment pursuant to Rule 60(b).

Meehan v. Snow, 652 F.2d 274, 276 (2d Cir. 1981) (internal citations omitted).

[6] It is clear why the Federal Rules of Civil Procedure provide a party with the opportunity to set aside an entry of default prior to the entry of default judgment.  The standard for obtaining relief from an entry of default is much less demanding than obtaining relief from a default judgment. Compare Fed. R. Civ. P. 55(c) ("The court may set aside an entry of default for good cause . . . ."), with id. 60(b) (allowing relief from judgment for, among other reasons, "mistake, inadvertence, surprise, or excusable neglect").

obtaining default judgment against a defendant is a two-step process.[7] Therefore, Plaintiff's Motion is **DISMISSED**.

SO ORDERED this 29th day of April 2011.

WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

---

[7] See, e.g., Robert M. Bloom, Moore's Federal Practice – Civil § 55.10[1] (2011). ("The entry of default must be distinguished from a default judgment. Rule 55 requires a two-step process. The first step, entry of default, is a ministerial matter performed by the clerk and is a prerequisite to a later default judgment.").

4